**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Katy Anne Lynch

Plaintiff,

v.

Case No.: 1:26−cv−13508
Honorable John Robert Blakey

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, November 18, 2026:

MINUTE entry before the Honorable John Robert Blakey: Plaintiff has refiled this action, seeking to sue the same 25 defendants named in a prior copyright infringement case, Case No. 26−cv−11216. As before, joinder of multiple defendants in a single copyright infringement action remains appropriate only if the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)−(B). In this regard, Plaintiff again alleges that the "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." [1] para. 7. And, as before, the allegation remains conclusory, and the one does not necessarily follow the other; it is equally possible that each online retailer set up shop in the same or similar manner. See, e.g., Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 188−89 (N.D. Ill. 2020). To the extent Plaintiff can, consistent with its obligations under Rule 11, amend its complaint to allege facts to support the joinder of all 25 Defendants in this single action, it may do so by 12/10/26. If Plaintiff fails to comply, the Court will dismiss this case. If Plaintiff elects to amend its complaint, it should also consider its allegations relating to personal jurisdiction as to each Defendant; the mere maintenance of a website accessible in Illinois remains insufficient to confer personal jurisdiction. See, e.g., Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations Identified on Schedule A, 192 F. Supp. 3d 924, 93435 (N.D. Ill. 2016) (simply alleging the existence of purported counterfeiting via an interactive website is not enough, by itself, to confer personal jurisdiction); Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 20−CV−5338, 2021 WL 825668, at *3 (N.D.

Ill. Mar. 4, 2021) (screenshot evidence showing that an order could be placed by an Illinoisan, "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," and "that alone cannot confer personal jurisdiction."). Plaintiff must have a good faith factual and legal basis to allege that each defendant has in fact shipped infringing products to residents in Illinois, and not just in connection with Plaintiff's test buys for this case. See, e.g., Walden v. Fiore, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the forum"); Expeditee LLC v. Entities Listed on Exhibit 1, No. 21 C 6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022) ("Plaintiff claims that, as part of its preliminary investigation, it purchased infringing products from the Moving Defendants that the Moving Defendants shipped to Chicago. Such sales on their own are insufficient for the purposes of personal jurisdiction, for Plaintiff has not identified evidence of any transactions involving an allegedly counterfeit product between the Moving Defendants and Illinois customers, other than the 'test buys.'"). Mailed notice. (vjd, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.